**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-5076**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANDRE LEMANE HARVEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (4:11-cr-00026-BO-1)

---

Submitted:  May 30, 2012                    Decided:  July 2, 2012

---

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Yvonne Victoria Watford-McKinney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Lemane Harvey pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Harvey to ninety-two months of imprisonment, and he appeals. Finding no error, we affirm.

On appeal, Harvey argues that the sentence is procedurally and substantively unreasonable. Specifically, Harvey argues that the district court failed to adequately explain the sentence and respond to the parties' arguments, and failed to take his history and characteristics and assistance to authorities sufficiently into account in fashioning the sentence.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We will presume on

2

appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

Moreover, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory Guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that the court responded to the parties' arguments regarding the sentence and adequately explained its reasons for choosing the sentence imposed. In addition, we conclude that Harvey has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED